# Nos. 13-55868

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

### ANIMAL LEGAL DEFENSE FUND, ET AL.,

Plaintiffs—Appellees,

v.

### UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.,

Defendants—Appellants.

_____

On Appeal from United States District Court for the Central District of California;
D.C. No 12-cv-04028-ODW
Hon. Otis D. Wright, II, Presiding

_____

**MOTION OF HUDSON VALLEY FOIE GRAS TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS APPELLANTS-CROSS-APPELLEES URGING AFFIRMANCE.**
**[Submitted concurrently with Amicus Curiae Brief]**

_____

CROSS LAW CORPORATION
DANIEL J. CROSS
925 B Street, Suite 305,
San Diego, CA, 92101
Phone: (619) 756-6390

Attorneys for Amicus Curiae: Hudson Valley Foie Gras (HVFG, LLC), a New York limited liability company.

## I. INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 29(a) and Ninth Circuit Rule 29-3, Hudson Valley Foie Gras (HVFG, LLC), a New York limited liability company, moves for leave to file the concurrently submitted amicus brief in support of Defendants-Appellees.

Federal Rule of Appellate Procedure 29(a) specifies that a nongovernmental amicus curiae "may file a brief only by leave of court or if the brief states that all parties have consented to its filing." FRAP 29(a). Ninth Circuit Rule 29-3 provides "[a] motion for leave to file an amicus brief shall state that movant endeavored to obtain the consent of all parties to the filing of the brief before moving the Court for permission to file the proposed brief." 9th Cir. Rule 29-3. The Circuit Advisory Note explains: "FRAP 29(a) permits the timely filing of an amicus curiae brief without leave of the Court if all parties consent to the filing of the brief; obtaining such consent relieves the Court of the need to consider a motion." 9th Cir. Adv. Note to Rule 29-3. Amicus sought consent of all parties to file their amicus curiae. Amicus endeavored to obtain consent from Carter Dillard, Esq. of ALDF via voicemail and email on October 07, 2015; Amicus obtained consent of John Samuel Koppel, Esq. of the US Department of Justice by phone on October 07, 2015; To the best of Amicus knowledge, USDA supports Hudson Valley Foie

Gras' application. Amicus accordingly must seek leave to file their brief, and with this motion respectfully requests that leave be granted.

## II. IDENTITY AND INTEREST OF AMICUS

As set forth in their brief, the identity and interest of Amicus are as follows:

Amicus is a producer and seller of foie gras and is seeking amicus curiae status so that it can assist the Court in reaching a decision. HVFG is in a position to describe from personal knowledge: a) the method by which the ducks are fed; and, b) HVFG's relationship to the USDA.

Only mature ducks are force-fed to enlarge their livers. "Mature" means that the duck has stopped growing. In addition, supplemental feed is designed to mimic the amount of food that a migrating wild duck would ingest, i.e., in order to survive the migration, a wild duck will eat extra food. HVFG has provided substantial information about HVFG's operations, including its force-feeding methods to the USDA, and, after careful consideration, the USDA has approved a label for "fatty duck liver."

HVFG's relationship with the USDA differs from many other entities that are subject to USDA regulation. For example, in the beef industry, it is common for the farm that raises the cattle to be completely independent of the slaughterhouse. The farmer brings the cattle to the slaughterhouse that then processes the cattle into food fit for human consumption. In such a situation, it is

common to say that USDA regulation begins at the slaughterhouse door, i.e., the USDA has no relationship with the farmer and does not regulate or oversee the methods by which the cattle are raised.

By contrast, HVFG both raises and slaughters the ducks at a single location– its farm in Ferndale, New York. The USDA has an office at the farm and thus has oversight over HVFG's entire operations. For example, if the USDA thought that the method of raising the ducks created a risk to human health, the USDA could take action to address that risk. In this regard, HVFG is the real target of the instant litigation because HVFG is the largest producer of foie gras in the United States. A decision against the USDA would force HVFG out of business. As a result, HVFG has a very personal and direct interest in this litigation.

## III. CONCLUSION

This brief is filed to provide the Court with the considered perspective of this company on the production of foie gras.

Based on the foregoing, Amicus curiae seek permission from this Court to file the brief that accompanies this motion.

Respectfully submitted,

San Diego, CA
October 7, 2015

   /s/ Daniel J. Cross
Daniel Cross
Cross Law Corporation
925 B Street, Suite 305

San Diego, CA 92101
(619) 756-6390 phone
(866) 203-3118 fax
www.crosslawcorp.com